# THE UNITED STATES OF AMERICA

*v.*

# MARIA CARDONA.

San Juan, Criminal, No. 2971.

CRIMINAL LAW.

Jurisdiction Federal Court—Crime Must be Alleged within Local Federal Jurisdiction.

The jurisdiction of the Federal court over common-law crimes exists only where the place of the crime is within the exclusive jurisdiction of the United States; and the word "exclusive" being in the statute, it must be set forth in the indictment. Omission of that word from the indictment requires the court to direct the jury to render a verdict of not guilty.

Opinion filed November 17, 1922.

*Mr. Ira K. Wells,* United States District Attorney, for United States.

*Mr. D. F. Kelley* for defendant.

United States v. Cardona.

ODLIN, Judge, delivered the following opinion:

Upon the conclusion of the testimony in this case on behalf of the United States, counsel for the defendant moved for a dismissal of the case upon the ground that this court lacks jurisdiction of the offense, and that there has been no proof that this court has jurisdiction in this offense.

The court has examined page 2796 of volume 3 of Foster's Federal Practice, 5th ed., and found that the author there gives a form of an indictment for an offense committed at a place within the exclusive jurisdiction of the United States. And it appears that the indictment should allege that the alleged crime was committed in the district in which the court sits, within the Navy Yard in the city of ——————, in the district aforesaid, which said Navy Yard was then and there a place under the sole and exclusive jurisdiction of the United States and out of the jurisdiction of any particular state and within the jurisdiction of this court, etc.

This court has also examined the law as stated in § 342 of Atwell on Federal Criminal Law, and in discussing the new Code providing certain specific offenses for the territories of the United States, goes on to say that the offenses therein treated of are not confined to the territories, but are punishable if committed within or upon any place within the exclusive jurisdiction of the United States, such as forts, arsenals, government reservations, public building sites, etc., and the author in the same book on the same page, recites § 311 of the Penal Code enacted by the Congress at Washington, which reads as follows: "Except as otherwise expressly provided, the offenses defined in this chapter shall be punished as hereinafter provid-

United States v. Cardona.

ed, when committed within any territory or district, or within or upon any place within the exclusive jurisdiction of the United States." [35 Stat. at L. 1148, chap. 321, Comp. Stat. § 10,484, 7 Fed. Stat. Anno. 2d ed. p. 964.]

This court believes and supposes that the military reservation referred to by Captain Kotzebue, in his testimony, is under the exclusive jurisdiction of the United States, but this court cannot say so as a matter of law. The word "exclusive" being in the statute, and being absent both from the indictment and from the testimony of Captain Kotzebue it seems to me that I can do nothing more than to grant the motion of counsel for the defense.

I do this with great reluctance, because the proof shows that this defendant is clearly guilty of the crime alleged, but this court is obliged to follow the rules as provided by the Congress and by the other Federal courts in passing upon these matters of criminal practice.

In the case cited by counsel for the defendant, where the charge was murder, being United States v. Lewis, 111 Fed. at page 630, the court charged the jury that the court itself could not entertain jurisdiction of the offense charged against the man Lewis, who was accused of killing Samuel Brown, unless it was made to appear that the homicide was committed within a fort, arsenal, dockyard, magazine, or any other place or district of country under the exclusive jurisdiction of the United States. And in that case the jury found that the crime was committed within some place under the exclusive jurisdiction of the United States. There was a dispute of fact in this case and the Judge let it go to the jury to determine.

The district attorney relies upon a decision of the same court

United States v. Cardona.

and charge to the jury by the same district judge, United States
v. Meagher, reported in 37 Fed. at page 875, being the case of
the United States against Meagher, who was accused of the
murder of Joseph Horan, and in this case also there was a dis-
pute as to whether the place where the killing took place was or
was not within the exclusive jurisdiction of the United States,
and the jury found that the crime was committed upon a place
within the exclusive jurisdiction of the United States, and the
said Meagher was found guilty of manslaughter.

But Judge Maxey in this same decision cited by the United
States district attorney holds that the burden of proof is on
the government to show crimes committed on land which was
under the exclusive jurisdiction of the United States.

In view of these authorities, the only thing this court can do
is to direct the jury to bring in a verdict of not guilty. Mr.
Clerk, draw up a verdict of not guilty, and add after it, by
direction of the court.